67 F.3d 297
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ashley Wiley CARTER, a/k/a Ben Mohammed Bey, Defendant-Appellant.
 No. 94-5789.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 27, 1995.
Decided Sept. 13, 1995.
 
 Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, SC, for Appellant. J. Preston Strom, Jr., United States Attorney, Beattie B. Ashmore, Assistant United States Attorney, Greenville, SC, for Appellee.
 Before HALL, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ashley Carter appeals his conviction of seven counts of violating 18 U.S.C. Sec. 876 (1988), which prohibits sending threatening communications through the mail. Carter asserts that the prosecutor's improper comment during closing summation, and the district court's failure to specifically direct the jury to disregard the prosecutor's comment, require that his conviction be reversed and a new trial granted. Finding no reversible error, we affirm Carter's conviction and sentence.
 
 
 2
 Carter was convicted of sending letters to various news and television personalities threatening violent retaliation for perceived inequities in the world. In closing summation, the prosecutor read this excerpt from a letter sent by Carter: "If the raids on Somalia continue we will Semtex the hell out of your white nasty saton [sic] worshipping, no-hip asses." The prosecutor then commented: "I don't know what Semtex is. I would argue to you that Semtex is supposedly some type of plastic explosive. Again, I'm not certain, but he repeatedly references Semtex, and it's [sic] effect on the intended victims." After the jury began deliberations, they sent out the question, "What is Semtex? Could you find out." Because defense counsel did not contemporaneously object to the prosecutor's comments, a new trial may be granted only on a finding of plain error. United States v. Olano, 61 U.S.L.W. 4421, 4424 (U.S.1993); United States v. Mitchell, 1 F.3d 235, 239 (4th Cir.1993); FED. R. CRIM. P. 52(b).
 
 
 3
 Looking at the trial as a whole, we cannot find that the prosecutor's comment so infected the trial with unfairness that Carter's conviction was a denial of due process. Adams v. Aiken, 965 F.2d 1306, 1318 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3834 (U.S.1993). The case against Carter was not based only on the meaning of "Semtex," but on other physical evidence and testimony presented at trial. Carter's fingerprints were found on some of the letters and envelopes. His handwriting was identified by an expert witness as that contained in the letters. A witness testified that Carter used the same unique language during an interview that was written in the letters. The return addresses on some of the envelopes containing the letters were variations of the name Ashley Wiley Carter. It was established that all the letters were sent through the United States Mail. Finally, the letters with references to "Semtex" also contained other threatening statements. In short, the prosecutor's comment about "Semtex" did not infect the trial with undue prejudice because the evidence against Carter was overwhelming, and the comment was a single, isolated incident that occurred in summation.
 
 
 4
 Additionally, the district court gave a supplemental instruction to the jury to clarify what they could consider as evidence, after they sent the message asking, "What is Semtex?" Carter asserts that the instruction was inadequate because the court refused to specifically tell the jury for the third time that they could not consider statements, arguments, or questions of lawyers as evidence. The decision of the district court to give or not give a specific instruction is reviewed for an abuse of discretion. United States v. Russell, 971 F.2d 1098, 1107 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S.1993).
 
 
 5
 Because the district court twice instructed the jury, before they began their deliberations, that statements, arguments, and objections by attorneys were not evidence, we cannot say that the district court abused its discretion in giving a supplemental instruction that the jury only consider as evidence the testimony of witnesses and the exhibits that had been introduced. The final instruction adequately instructed the jury as to what evidence they could consider in reaching a verdict, particularly in light of the earlier instructions.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED